**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 2[ ] 2017

JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**CHANTAVIA CAMACHO and JOSEPH
WALKER, Individually and on Behalf
of All Others Similarly Situated**                                    **PLAINTIFFS**

vs.                                    No. 4:17-cv-*704-Suw*

**STATE OF ARKANSAS
ARKANSAS DEPARTMENT OF HUMAN SERVICES**                **DEFENDANT**
**a/k/a JONESBORO HUMAN DEVELOPMENT CENTER
CONWAY HUMAN DEVELOPMENT CENTER**

This case assigned to District Judge _Wright_
and to Magistrate Judge _Harris_

**ORIGINAL COMPLAINT—CLASS AND COLLECTIVE ACTION**

COME NOW Plaintiffs Chantavia Camacho and Joseph Walker, individually and

on behalf of all others similarly situated, by and through their attorneys Chris Burks and

Josh Sanford of Sanford Law Firm, PLLC, and for their Original Complaint—Class and

Collective Action against Defendant State of Arkansas -- Arkansas Department of

Human Services a/k/a Jonesboro Human Development Center and Conway Human

Development Center and ("Defendants"), they do hereby state and allege as follows:

### I.    PRELIMINARY STATEMENTS

1.    This is an action brought by Plaintiffs Chantavia Camacho and Joseph

Walker, individually and on behalf of other hourly workers employed by Defendants at

any time within a three-year period preceding the filing of this Complaint.

2.    Hereafter, for convenience, both Plaintiffs will be collectively referred to as

simply "Plaintiff" unless the shorthand would lead to confusion.

3.      Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, et seq. ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, costs, including a reasonable attorney's fee as a result of Defendants' failure to pay Plaintiff and other hourly workers lawful overtime compensation for hours worked in excess of forty (40) hours per week.

4.      Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA as described, infra.

## II.      JURISDICTION AND VENUE

5.      The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

6.      Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this complaint.

7.      Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

8.      The acts complained of herein were committed and had their principal effect against Plaintiff within the Jonesboro and Western Divisions of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

9.    Defendants do business in this district and a substantial part of the events alleged herein occurred in this District.

10.    The witnesses to overtime violations alleged in this Complaint reside in this District.

11.    The payroll records and other documents related to the payroll practices that Plaintiff challenges are located in this District.

### III.    THE PARTIES

12.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

13.    Plaintiff Chantavia Camacho is a citizen and resident of Craighead County.

14.    Plaintiff Joseph Walker is a citizen and resident of Faulkner County.

15.    Plaintiff worked for Defendants as a resident care assistant within the three (3) years preceding the filing of this Complaint.

16.    Plaintiff was paid an hourly rate.

17.    At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA and the AMWA.

18.    As an employee of Defendants, Plaintiff was an employee of a public state agency employed in human development activities, and therefore entitled to the protections of the FLSA pursuant to 29 U.S.C. § 203(e)(2)(c).

19.    At all times material herein, Plaintiff has been misclassified by Defendants as exempt from the overtime requirements of the FLSA and the AMWA.

20.     Defendants are "employers" within the meanings set forth in the FLSA and AMWA, and were, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

21.     Defendants are employers subject to the FLSA as public agencies pursuant to 29 U.S.C. § 203.

22.     Defendants participated in the management of Plaintiff's work, including setting and enforcing the amount of hours worked and the amount and manner of compensation paid.

23.     Defendants dictated, controlled and ratified, both implicitly and explicitly, the wage and hour practices and all related employee compensation policies that are at issue in this case.

24.     Defendant Jonesboro Human Development Center ("JHDC") is one of Arkansas's five Arkansas state-managed training facilities for people with developmental disabilities where Plaintiff Camacho was employed within the three (3) years prior to the filing of this Complaint as a residential care assistant.

25.     Defendant Conway Human Development Center ("CHDC") is one of Arkansas's five Arkansas State-managed training facilities for people with developmental disabilities where Plaintiff Walker was employed within the three (3) years prior to the filing of this Complaint as a residential care assistant.

26.     JHDC can be served through its Administrator Forrest Steele, 4701 Colony Drive, Jonesboro, Arkansas 72401.

27.     CHDC can be served through its Administrator Sarah Murphy, 150 East Siebenmorgan Road, Conway, Arkansas 72032.

28.     Defendant State of Arkansas -- Arkansas Department of Human Services ("DHS") is the government entity or branch that operates and manages Defendants JHDC and CHDC and the three other human development centers.

29.     Defendant DHS can be served through its Director Cindy Gillespie.

## IV.     FACTUAL ALLEGATIONS

30.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

31.     Plaintiff Camacho was an hourly-paid employee of JHDC and DHS at their facility located in Jonesboro.

32.     Plaintiff Walker was an hourly-paid employee of CHDC and DHS at their facility located in Conway.

33.     Plaintiff Camacho worked for Defendants during 2017 as a resident care assistant.

34.     Plaintiff Walker worked for Defendants from approximately April of 2017 to September of 2017 as a resident care assistant.

35.     Defendants hired Plaintiff and other similarly-situated employees, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

36.     Plaintiff and other similarly-situated employees were classified as hourly employees and regularly worked in excess of forty (40) hours per week.

37.     Plaintiff and other similarly-situated hourly employees record their time by calling Defendants' timekeeper when they arrived for their shift.

38.     Plaintiff was required to clock-in each day at a specified time and to clock-out when his shift ended, as well as for each break taken during the workday.

39.     Plaintiff and other hourly employees often worked up to three (3) hours per week for which they were not compensated.

40.     It was Defendants' common policy to dock Plaintiff and other similarly-situated hourly employees for fifteen (15) minutes of time if they arrived more than five minutes late for their shift but were still within the first fifteen (15) minutes of their shift.

41.     If Plaintiff and other similarly-situated hourly employees arrived more than fifteen (15) minutes after their scheduled start time but were still within the first thirty (30) minutes of their shift, they would be docked for thirty (30) minutes, regardless of what time they arrived. This was also true if Plaintiff and other similarly-situated hourly employees arrived between thirty (30) and forty-five (45) minutes late, and so on.

42.     As a result of Defendants' improper rounding practice, Plaintiff and other similarly-situated employees were not fully compensated for all the time they actually worked in a workweek, including all of the overtime hours they worked in excess of forty (40) in a workweek.

43.     On information and belief, the rounding policy is in effect at all five state-run human development centers.

44.     Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff and other hourly employees violated the FLSA.

## V.     LEGAL ALLEGATIONS

44.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

A.    Individual Allegations under the FLSA

45.    29 U.S.C. § 207 requires employers to pay employees one and one-half times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.  29 U.S.C.S. § 207 (LEXIS 2013).

46.    Defendants violated Section 778.208 of Title 29 of the Code of Federal Regulations by failing to pay Plaintiff and other similarly-situated employees the proper overtime premium.

47.    Defendants' conduct and practice, as described above, have been and is willful, intentional, unreasonable, arbitrary and in bad faith.

48.    By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, pre-judgment interest, civil penalties and costs, including reasonable attorney's fees as provided by the FLSA.

B.    FLSA § 216(b) Representative Action Allegations

49.    Plaintiff brings this collective action on behalf of all hourly employees employed by Defendants to recover monetary damages owed by Defendants to Plaintiff and members of the Putative Class for all the overtime compensation for all the hours he and they worked in excess of forty (40) each week.

50.    Plaintiff brings this action on behalf of herself individually *and* all other similarly situated employees, former and present, who were and/or are affected by Defendants' willful and intentional violation of the FLSA.

51.    In the past three years, Defendants have employed hundreds of hourly employees that were subject to Defendants' improper rounding scheme.

52.    Like Plaintiff, these hourly employees regularly worked more than 40 hours in a week.

53.    Defendants failed to pay these employees the proper overtime wages. Because these employees are similarly situated to Plaintiff, and because they are owed overtime for the same reasons, the opt-in class is properly defined as:

**All Hourly Workers Employed by Defendants Within the Past Three Years Who Ever Worked in Excess of Forty (40) Hours in any Week.**

### C.    Individual Allegations Under the AMWA

54.    Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-203(4).

55.    At all relevant times, Defendants were Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

56.    Defendants failed to pay Plaintiff all overtime wages owed, as required under the AMWA.

57.    Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

58.    By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

59.    Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

D.     Class Allegations Under the AMWA

60.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

61.     Plaintiff, individually and on behalf of all others similarly situated who were employed by Defendant within the State of Arkansas, brings this claim for relief for violation of the AMWA as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

62.     Plaintiff proposes to represent the first AMWA liability class of individuals defined as follows:

**All Hourly Workers Employed by Defendants in Arkansas Within the Past Three Years Who Ever Worked in Excess of Forty (40) Hours in any Week.**

63.     Upon information and belief, there are more than 100 persons in the proposed class.   Therefore, the proposed class is so numerous that joinder of all members is impracticable.

64.     Common questions of law and fact relate to all of the proposed liability class members, such as these:

i.     Whether Defendants' policy of failing to properly pay overtime-rate wages to members of the proposed class who worked in excess of forty (40) hours per week was unlawful under the AMWA; and

ii.     Whether, as a result of Defendants' failure to lawfully calculate Plaintiff's overtime pay, Defendants paid members of the proposed class one and one-half times their regular wages for hours worked over forty (40) in each week in accordance with the AMWA.

65.     The above common questions of law and fact predominate over any questions affecting only Plaintiff, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

66.     The class members have no interest in individually controlling the prosecution of separate actions because the policy of the AMWA provides a bright-line rule for protecting all non-exempt employees as a class.  To wit: "It is declared to be the public policy of the State of Arkansas to establish minimum wages for workers in order to safeguard their health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious and unfair competition resulting from wage levels detrimental to their health, efficiency and well-being." Ark. Code Ann. § 11-4-202.  To that end, all non-exempted employees must be paid for time worked over forty (40) hours per week at a rate of one and one-half times their regular rate.  Ark. Code Ann. § 11-4-211.

67.     At the time of the filing of this Complaint, neither Plaintiff nor Plaintiff's counsel know of any litigation already begun by any members of the proposed class concerning the allegations in this complaint.

68.     No undue or extraordinary difficulties are likely to be encountered in the management of this class action.

69.     The claims of Plaintiff are typical of the claims of the proposed liability class in that Plaintiff and all others in the proposed liability class will claim that they were not paid one and one-half times their regular rate of pay for hours worked in excess of forty per week.

70.     Plaintiff and his counsel will fairly and adequately protect the interest of the class.

71.     Plaintiff's counsel is competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one.

## VI.    EQUITABLE TOLLING

72.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

73.    The applicable statute of limitations for Plaintiff's FLSA cause of action should be tolled because strict application of the statute of limitations would be inequitable.

74.    Defendant, as employers with a duty to comply with the FLSA and the means to do so, was and had at all relevant times been in a far superior position than Plaintiff to understand the FLSA and apply it appropriately, and Defendants should not be permitted to benefit from this imbalance of power by the passage of time.

## VII.    PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Joseph Walker respectfully prays as follows:

A.    That each Defendant be summoned to appear and answer this Complaint;

B.    For orders regarding certification of and notice to the proposed collective and class action members;

C.    A declaratory judgment that Defendants' practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

D.    A declaratory judgment that Defendants' practices alleged herein violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

E.    Judgment for damages for all unpaid overtime wage compensation owed to Plaintiff and the proposed class members under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

F.    Judgment for damages for all unpaid overtime wage compensation under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

G.    Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and the proposed class members during the applicable statutory period;

H.    Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and the relating regulations;

I.    For a reasonable attorneys' fee, costs, and pre-judgment interest; and

J.    Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**CHANTAVIA CAMACHO and
JOSEPH WALKER, Individually
and on Behalf of All Others
Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

By:                                     
Chris Burks
Ark. Bar No. 2010207
chris@sanfordlawfirm.com

and

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com